United States District Court
Southern District of Texas
**ENTERED**
October 22, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARY FE MORENO RIVERA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-26-4576 |
| | § | |
| JOSEPH B. EDLOW, *et. al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## ORDER

Pending before the Court is Defendants' Motion to Dismiss (Document No. 8). Having considered the motion, submissions, and applicable law, the Court determines that the motion should be granted.

## I. BACKGROUND

This is an immigration matter. Plaintiff Mary Fe Moreno Rivera ("Plaintiff") is a citizen of Venezuela. On August 24, 2018, Plaintiff was "admitted to the United States in B2 nonimmigrant status[.]"[1] Plaintiff later obtained Temporary Protected Status ("TPS"). On February 22, 2019, Plaintiff filed a Form I-589 application for asylum. On August 21, 2025, Plaintiff attended an interview with the Houston Asylum Office. On September 6, 2025, the U.S. Citizenship and Immigration

[1] *Plaintiff's Complaint*, Document No. 1 at 6.

Services ("USCIS") issued a Notice of Intent to Deny ("NOID") Plaintiff's application. On September 22, 2025, Plaintiff responded in opposition to the NOID. Ultimately, USCIS denied Plaintiff's application.

Based on the foregoing, on June 10, 2026, Plaintiff filed suit in this Court, pursuant to federal question jurisdiction, asserting claims against Defendants Joseph B. Edlow and Bryan Hemming ("Defendants") under the Mandamus Act and Administrative Procedure Act ("APA").[2] On August 10, 2026, Defendants moved to dismiss Plaintiff's action.[3] On August 24, 2026, Plaintiff responded in opposition.[4]

## II. STANDARD OF REVIEW

A court may dismiss an action for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Once a defendant raises lack of subject matter jurisdiction in a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the Court has jurisdiction over the dispute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must

[2] *See Plaintiff's Complaint*, Document No. 1 at 10–12.

[3] *See Defendants' Motion to Dismiss*, Document No. 8 at 1.

[4] *See Plaintiff's Response to Defendants' Motion to Dismiss*, Document No. 9 at 1.

contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

## III. LAW & ANALYSIS

Defendants contend that "Plaintiff's Complaint is moot" and that "USCIS's denial of asylum is not reviewable final agency action[.]"[5] In response, Plaintiff contends that, to the extent any claims are mooted, it is only the claim to compel adjudication and that "USCIS's final denial constitutes final agency action[.]"[6] The Court will consider, in turn, Defendants' motion as it relates to Plaintiff's claim seeking adjudication followed by Plaintiff's remaining claims.

*1. Plaintiff's Claim Seeking Adjudication*

Defendants contend, in relevant part, that Plaintiff's Complaint is moot.[7] In response, Plaintiff "does not dispute that she no longer requires an order compelling USCIS merely to issue an initial decision" but that a live controversy remains because "Plaintiff continues to challenge an operative agency decision[.]"[8] Federal courts do not have authority over moot claims, that is, claims where "a case or controversy no longer exists between the parties." *Brinsdon v. McAllen Indep. Sch. Dist.*, 863 F.3d 338, 345 (5th Cir. 2017) (citation omitted).

---

[5] *Defendants' Motion to Dismiss*, Document No. 8 at 8.

[6] *Plaintiff's Response to Defendants' Motion to Dismiss*, Document No. 9 at 8, 10.

[7] *See Defendants' Motion to Dismiss*, Document No. 8 at 8.

[8] *Plaintiff's Response to Defendants' Motion to Dismiss*, Document No. 9 at 9, 10.

Here, Plaintiff's Complaint seeks an Order from the Court "permanently enjoin[ing] Defendants from failing to perform a timely adjudication[.]"[9] However, on September 30, 2025, USCIS "adjudicated and denied Plaintiff's asylum application."[10] Plaintiff concedes that "she no longer requires an order compelling USCIS . . . to issue an initial decision[.]"[11] Based on the foregoing, and considering that Plaintiff's asylum application has been adjudicated, the Court finds that Plaintiff's claim and requested relief for adjudication presents no live controversy, and thus, is moot. Accordingly, the Court finds that Plaintiff's claim seeking to compel adjudication should be dismissed.[12] The Court will now consider Defendants' motion as it relates to Plaintiff's claim that Defendants' adjudication was erroneous.

---

[9] *Plaintiff's Complaint*, Document No. 1 at 14.

[10] *Defendants' Motion to Dismiss*, Document No. 8 at 8.

[11] *Plaintiff's Response to Defendants' Motion to Dismiss*, Document No. 9 at 9.

[12] The Court notes that Defendants' motion contends that Plaintiff's Complaint should be dismissed in its entirety as moot. The Court notes that a review of Plaintiff's Complaint clearly reveals Plaintiff's claim that "[t]he Defendants' legally erroneous denial of Plaintiff's I-589 application prevents Plaintiff from obtaining the permanent protections of asylum[.]" *Plaintiff's Complaint*, Document No. 1 at 8. The adjudication of Plaintiff's application does not automatically moot Plaintiff's contention that the adjudication itself was contrary to law.

*2. Plaintiff's Claim Regarding the Merits of the Adjudication*

Defendants contend, in relevant part, that "denial of Plaintiff's asylum application is not a final agency action within the APA and therefore this Court lacks subject matter jurisdiction, or alternatively Plaintiff has failed to state a claim upon which relief can be granted."[13] In response, Plaintiff contends that the denial is a final action and that "Plaintiff has plausibly stated a claim for relief under APA § 706(2)."[14]

"[F]inal agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704. "Two conditions must be satisfied for agency action to be 'final': First, the action must mark the 'consummation' of the agency's decisionmaking process . . . And second, the action must be one by which 'rights or obligations have been determined,' or from which 'legal consequences will flow[.]'" *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997).

Here, Defendants contend that "this Court lacks subject matter jurisdiction" and that "[t]he Fifth Circuit held . . . that the denial of an asylum application without referral to the immigration court is not a final agency action within the APA."[15] In

---

[13] *Defendants' Motion to Dismiss*, Document No. 8 at 8.

[14] *Plaintiff's Response to Defendants' Motion to Dismiss*, Document No. 9 at 16.

[15] *Defendants' Motion to Dismiss*, Document No. 8 at 9 (citing *Kewayfati v. Bondi*, 165 F.4th 342 (5th Cir. 2026)).

response, Plaintiff distinguishes this current matter from *Kewayfati* and contends that "[t]he circumstances here are materially different."[16] In *Kewayfati*, the Fifth Circuit held that "[w]hile TPS remains in effect for the sisters, the administrative-review process is not complete because defensive asylum remains available in future removal proceedings." *Kewayfati v. Bondi*, 165 F.4th 342, 356 (5th Cir. 2026).

Plaintiff contends that the facts of this matter are materially different from the facts in *Kewayfati* because, in this matter, the Department of Homeland Security "had already formally announced the termination of Venezuela's 2021 TPS designation effective November 7, 2025."[17] However, Plaintiff does not dispute that, as in *Kewayfati*, here, "upon denial of Plaintiff's asylum application, USCIS did not refer Plaintiff to the immigration court to begin removal proceedings because of her TPS designation at the time of denial."[18] Just as in *Kewayfati*, Plaintiff did, at the time of denial, have a TPS designation. Accordingly, the Court finds that the facts in this matter mirror those in *Kewayfati*. Based on the foregoing, and the clear guidance of the Fifth Circuit that the denial of asylum applications in which an application is not referred to immigration is not a final agency action under the APA,

---

[16] *Plaintiff's Response to Defendants' Motion to Dismiss*, Document No. 9 at 11.

[17] *Plaintiff's Response to Defendants' Motion to Dismiss*, Document No. 9 at 11 (citing *Termination of the 2021 Designation of Venezuela for Temporary Protected Status*, 90 Fed. Reg. 43,225 (Sept. 8, 2025)).

[18] *Defendants' Motion to Dismiss*, Document No. 8 at 8.

the Court finds that the agency action in this matter is not final. As such, the Court finds that it lacks subject matter jurisdiction to review the agency's decision, and thus, that Defendants' motion should be granted.[19]

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendants' Motion to Dismiss (Document No. 8) is **GRANTED**. The Court further

**ORDERS** that Plaintiff's claims against all Defendants seeking adjudication of her asylum application are hereby **DISMISSED AS MOOT**. The Court further

**ORDERS** that Plaintiff's APA claims regarding the merits of the agency's decision are hereby **DISMISSED WITHOUT PREJUDICE**.

SIGNED at Houston, Texas, on this 20 day of October, 2026.

DAVID HITTNER
United States District Judge

[19] Considering the Court's finding that it lacks subject matter jurisdiction to review the agency's actions, the Court declines to consider the merits of Plaintiff's APA claims. Furthermore, the Court notes Plaintiff's request for leave to amend. *See Plaintiff's Response to Defendants' Motion to Dismiss*, Document No. 9 at 19. Considering the Court's finding that it lacks jurisdiction to review the agency's decision, the Court finds that amendment would be futile. As such, the Court denies Plaintiff's request for leave to amend.